IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **SPRATT HOWARD,** | : |
| Petitioner, | : |
| V. | : |
| | : NO. 3:22-cv-00064-CAR-CHW |
| **STATE OF GEORGIA,** | : |
| Respondent. | : |

## ORDER OF DISMISSAL

Petitioner Spratt Howard has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his June 4, 1996, conviction and sentence. Pet. for Writ of Habeas Corpus, ECF No. 1. Petitioner has also paid the filing fee for this petition.

Petitioner, however, has filed a previous federal habeas corpus petition challenging this same conviction, which was dismissed as time-barred. *See* Order Adopting R. & R., *Howard v. Brown*, 3:12-cv-00044-CDL (M.D. Ga. Jan. 2, 2013), ECF No. 37. "Before a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000). The instant petition is successive within the meaning of § 2244(b). Moreover, it does not appear, and Petitioner does not allege, that a three-judge panel of the Eleventh Circuit Court of Appeals has authorized this Court to consider a successive habeas petition for his 1996

conviction. Without such an order, this Court lacks jurisdiction to consider the successive claims. *See* § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933-34 (11th Cir. 2001) (per curiam).

The Court therefore **DISMISSES** the petition without prejudice to Petitioner's right to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition pursuant to § 2244(b)(3). The Court also **DIRECTS** the Clerk to furnish Petitioner with the application form required by the Eleventh Circuit.[1]

**SO ORDERED** and **DIRECTED**, this 21st day of June, 2022.

                                                   s/C. Ashley Royal
                                                   C. ASHLEY ROYAL, SENIOR JUDGE
                                                   UNITED STATES DISTRICT COURT

---

[1] "[A] dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas proceeding' for purposes of 28 U.S.C. § 2253(c). . . . Instead, such a dismissal is a 'final decision' pursuant to 28 U.S.C. § 1291 and a [Certificate of Appealability] is thus 'unnecessary. . . .'" *Bolin v. Sec'y, Fla. Dep't of Corr.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction)). Accordingly, the Court will not address whether Petitioner has met the standards for issuance of a Certificate of Appealability.